**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GLY-TECH SERVICES, INC.,**

**VERSUS**

**BH ENERGY SERVICES, LLC, AARON CARTER, SR., INDIVIDUALLY, DOUGLAS DAIGLE, INDIVIDUALLY, RYAN J. SAMPEY, INDIVIDUALLY AND MICHAEL SINAGRA, INDIVIDUALLY**

**CIVIL ACTION**

**NO: 25-02238**

**SECTION: "O" (4)**

**ORDER AND REASONS**

Before the Court is a **Motion for Leave to File First Supplemental and Amended Complaint (R. Doc. 21)** filed by Plaintiff Gly-Tech Services, Inc. ("Gly-Tech"), seeking an order from the Court granting leave to file its First Supplemental and Amended Complaint pursuant to FED. R. CIV. P. 15(a), in order to assert claims against the Defendants for copyright infringement and defamation, to remove its claim for unjust enrichment, and to clarify and supplement factual allegations. R. Doc. 1. The motion is opposed. R. Doc. 23. Gly-Tech filed a Reply Memorandum in response to the Defendants' motion. R. Doc. 27.

***I. The Original Complaint***

Gly-Tech brings this action against its former employees, Aaron Carter[1] ("Carter"), Douglas Daigle[2] ("Daigle'), Ryan Sampey[3] ("Sampey"), and Michael Sinagra[4] ("Sinagra"), and their new employer, BH Energy Services, LLC ("BHES"), to address their theft of Gly-Tech's

---

[1] Formally employed by Gly-Tech in the areas of inside-sales, shipping, and receiving, and now employed by its competitor BHES.
[2] Formally employed by Gly-Tech as a gas dehydration trainer and Triethylene glycol (TEG) Sample Analysis Coordinator.
[3] Formally employed by Gly-Tech as a Technical Sales Director, Regional Manager, General Manager, and later Vice-President and Chief Operating Officer (COO).
[4] Formally employed and later independently contracted to teach training classes, assist with customer TEG sample analysis, and support operations as a technical resource.

trade secrets and proprietary business information. R. Doc. 1. Plaintiff further alleges that these former employees moved to a competing company, Defendant BHES, a Texas limited liability company, for the alleged misappropriation of Plaintiff's trade secrets and confidential information. *Id.* Plaintiff also alleges that in the days leading up to or following their departure, Carter, Daigle, Sampey, and Sinagra stole a considerable volume of confidential documents concerning Gly-Tech's training course materials, customer contacts, pricing, and other proprietary information. *Id.*

Plaintiff alleges that its former employees accessed its password-protected computers and downloaded proprietary documents that Gly-Tech had developed over years and transferred highly sensitive information to their personal emails or shared with other former employees who had started working for Gly-Tech's competitor, BHES. *Id.* Plaintiff alleges that a significant portion of the stolen documents relate to Gly-Tech's Gas Dehydration Training School, educational courses offered by Gly-Tech on the gas dehydration through the Triethylene Glycol (TEG) Regenerative Method and TEG Systems and customer contractually protected sensitive technical data. *Id.*

Plaintiff further alleges that Sampey spoliated evidence when he entirely deleted information or wiped his Gly-Tech computer to try to cover his tracks. *Id.* Gly-Tech further alleges that because these employees are now performing the same duties for a competitor with ongoing access to some of its most valuable trade secrets, Gly-Tech filed the subject action seeking injunctive relief and damages resulting from the Defendants' unlawful access to and misappropriation of its trade secrets. *Id.* Gly-Tech filed this action pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA"), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), the Louisiana Uniform Trade Secrets Act, La. R.S. § 51:1431 et seq. ("LUTSA"), for unfair trade practices under the Louisiana Unfair Trade Practices and Consumer Protection Act,

La. R.S. § 51:1401 et seq., for breach of fiduciary duty, breach of contract, and unjust enrichment. *Id*.

B. ***<u>The Proposed Amended Complaint</u>***

In its proposed pleading, Gly-Tech seeks to allege that it is a company that provides dehydration services which was later expanded to technical operations services which included an in-house engineering department for the design, build, and facility modeling. R. Doc. 21-1 at 7. Gly-Tech seeks to allege that it is the leader in gas processing equipment solutions and specialized industrial cleaning services, including vessel internal modifications and repairs, installation of mist extractors, column trays, and packing. *Id.* According to the proposed complaint, Gly-Tech further provides technical services including gas plant optimization, facility studies, and debottlenecking services throughout the US and internationally. *Id*.

Gly-Tech seeks to allege that it developed and uses its proprietary training course materials entitled "GAS DEHYDRATION THROUGH THE TRIETHYLENE GLYCOL REGENERATIVE METHOD" to conduct glycol systems dehydration training for its personnel and for its customers. *Id* at ¶ 15. Further, Gly-Tech seeks to amend to allege that the U.S. Copyright Office issued a Certificate of Registration No. TX 9-594-285 for its latest edition of the course materials with an effective registration date of May 8, 2026, protecting the text and drawings contained in the TEG Systems Manual. *Id.*

Gly-Tech seeks to allege that it is and always has been the sole and exclusive owner of all rights in the Copyrighted Work and derivative versions. *Id.* ¶16-18. Gly-Tech contends that it took steps to keep its information confidential and shared only certain proposals, rate information, personnel information, and/or customer information with employees on a need-to-know basis and further contends that it advised its employees that they are prohibited from disclosing its

confidential and trade secret information. *Id.* Gly-Tech seeks to allege that it requires its employees to sign a confidentiality agreement which obligates them to protect from disclosure the information acquired during the course of their employment, but the Defendant-employees breached this agreement. *Id.*

Next, Gly-Tech seeks to assert a defamation claim against Sampey for his communications regarding Gly-Tech's operating status and the impact those disparaging publications had by causing Gly-Tech's customers and vendors to cease doing business with it. *Id*. at ¶59-60. It also seeks to assert a spoliation claim against Sampey for the purposeful deletion of Gly-Tech's files contrary to its employment agreement. *Id.* at ¶ 54-55.

In addition, Gly-Tech seeks to clarify its claims against the remaining Defendants, including Daigle[5], by contending that Sampey and Daigle violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by their alleged conduct in deleting and transferring company data to their personal emails. *Id.* at ¶ 34-52.

Regarding Carter, Gly-Tech seeks to allege that Carter committed Trade Secret violations pursuant to state law when he transferred to his personal email company contacts, pricing, purchase orders, invoices, and field tickets, among other information. *See id.* at ¶61-68. Sinagra, according to the proposed amended complaint, engaged in the same behavior as Carter and Daigle by transferring Gly-Tech information and secrets to his personal email address. *Id.* at ¶80-87.

As for Defendant BHES, Gly-Tech seeks to allege that it created a training school using Gly-Tech's training materials regarding gas dehydration through the TEG Regenerative Method. *Id.* at ¶ 88-107. As a result of BHES stealing its confidential trade secret information and

[5] Daigle allegedly misappropriated numerous trade secrets consisting of training class confirmations, training class customer/date/ locations, and customer specific information including title/email/phone/location, customer TEG sample laboratory testing with corresponding analysis and recommendations and customer TEG sample filed data sheets. *Id.* at ¶ 69-70.

copyrighted training materials, Gly-Tech seeks to allege that BHES—through its efforts and use of Gly-Tech's materials—diverted its customers and published or disseminated false and defamatory statements regarding its operational status, resulting in customer confusion. *Id.* at ¶108-111.

In addition to the copyright claim, Gly-Tech seeks to assert various state law claims arising out of the Defendants' conduct. The proposed amended complaint also contains a litigation hold for all of the Defendants' electronic data relevant to the subject claim. Finally, the proposed amendment seeks the entry of a permanent injunction pursuant to 17 U.S.C. § 502 and La. R.S. 51:1432, and return of its property, bad faith contract damages, compensatory damages, and exemplary and treble damages for willful and malicious misappropriation. *Id.* at ¶ 59.

### ***II. <u>The Subject Motion</u>***

Gly-Tech contends that good cause exists for the filing of its Amended Complaint because any delay was minimal and in part due to the Juneteenth holiday. R. Doc. 27-1. Gly-Tech claims that the Defendants will not be prejudiced if this motion is granted, nor would granting motion this affect any deadlines. *Id.* Plaintiff contends that the Defendants acknowledge that Plaintiff is not acting in bad faith nor has it repeatedly failed to cure deficiencies. *Id.* Plaintiff contends that the Defendants would not be unduly prejudiced because they may incur additional costs. *Id.*

Defendants oppose the subject motion because it seeks to substantially expand the scope of Plaintiff's claims without "asserting any grounds which would justify leave." R. Doc. 23. Defendants also state that they have filed multiple responsive pleadings, including a motion to dismiss and a motion to transfer. *Id.* The Defendants object because Plaintiff seeks to add three (3) entirely new causes of action after the Defendants have already submitted their motion to dismiss and motion to transfer. *Id.*

Defendants also seem to claim that despite the absence of a scheduling order, Plaintiff should not be granted leave to file the proposed amended complaint because of: (1) undue delay, (2) bad faith, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to Defendants, and (5) futility. *Id.*

The Defendants further contend that the proposed allegations are false as the evidence will show that the materials were not confidential nor proprietary and were largely developed by third parties prior to any use and incorporation by Gly-Tech. *Id.* While the Defendants concede that the new allegations are more specific, they suggest that they will ultimately be disproved because they are unsupported and self-serving. *Id.* As to the proposed new claims against BHES, BHES claims that such allegations are false. *Id.*

## ***III. Legal Standard***

Federal Rule of Civil Procedure ("Rule") 15(a) governs the amendment of pleadings and provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15 and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Leave to amend is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). However, the decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.*

## ***IV. Analysis***

Gly-Tech contends that good cause exists for the filing of its Amended Complaint because any delay was minimal and in part due to the Juneteenth holiday. R. Doc. 27-1. Gly-Tech claims that Defendants will not be prejudiced if this motion is granted, nor would granting this motion affect any deadlines. *Id.* Plaintiff contends that the Defendants acknowledge that Plaintiff is not acting in bad faith, nor has it repeatedly failed to cure deficiencies. *Id.* Plaintiff contends that the Defendants would not be unduly prejudiced because they may incur additional costs. *Id.*

Defendants oppose the subject motion because it seeks to substantially expand the scope of Plaintiff's claims without "asserting any grounds which would justify leave." R. Doc. 23. Defendants also state that they have filed multiple responsive pleadings, including a motion to dismiss a motion to transfer. *Id.* The Defendants object because Plaintiff seeks to add three (3) entirely new causes of action after the Defendants have already submitted their motion to dismiss and motion to transfer. *Id.* Defendants also suggest that there was undue delay in Gly-Tech's filing of the proposed motion to amend the complaint. *Id.*

When there is no scheduling order as in this case, a motion to amend is evaluated under Rule 15, which provides that the court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In relevant part, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Whether to grant leave to amend is within the trial court's discretion, and "denial of leave to amend may be required when allowing an amendment would cause undue prejudice to the opposing party." *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix*, 79 F.3d 480, 484 (5th Cir. 1996).

A court must consider the following five factors in deciding whether to grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive [on the part of the movant], (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the

opposing party [by virtue of allowance of the amendment], and (5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). In the absence of any of these factors, the requested leave should be freely granted. *Praetorian Special Ins. Co. v. Pelican Enters., LLC*, 2011 WL 13350469, at *1 (S.D. Tex. Aug. 5, 2011).

In this case, no pretrial or trial dates have been scheduled and no significant activity beyond the pleadings has occurred. But Defendants contend that the subject motion is dilatory because they filed their Motion to Dismiss on January 9, 2026 (R. Doc. 9), and their Motion to Transfer on May 5, 2026 (R. Doc. 16).

The subject motion was not filed until some five months later after the filing of the Motion to Dismiss and twenty one days after it filed the Motion to Transfer. R. Doc. 21. However, a five month delay in filing the subject motion or a few weeks delay after the Motion to Transfer is not dilatory nor the result of undue delay. *Vincent v. E. Haven Ltd. P'ship*, No. 02-2904, 2002 WL 31654955, at *3 (E.D. La. Nov. 20, 2002) (holding that a five-month delay was not dilatory); *McNeel v. Kemper Cas. Ins. Co.*, 2004 WL 1635757, at *3 (N.D. Tex. Jul. 21, 2004) (amendment five months after filing of state court petition and six weeks after removal held not dilatory). Notably, the motions filed by the Defendants remain pending.

The defendants do not suggest that the proposed amendment is made in bad faith, nor do they claim that it is futile, *i.e.*, that it fails to state a claim. Instead, Defendants largely complain that they will ultimately win because the allegations are false and Plaintiff is not entitled to relief. Defendants' argument largely goes to the weight of the evidence. The Court finds that the allegations are not futile, nor would the Defendants be prejudiced if the new claims were allowed.

## *V.* ***Conclusion***

Accordingly,

**IT IS ORDERED** that Plaintiff Gly-Tech's **Motion for Leave to File First Amended Complaint (R. Doc. 21)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter Plaintiff's Amended Complaint into the record.

New Orleans, Louisiana, this 25th day of September 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**